IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF/RESPONDENT |
| v.    Civil No. 06-2005
        Criminal No. 99-20028-001 | |
| THOMAS SCOTT CROSSLAND | DEFENDANT/MOVANT |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Thomas Scott Crossland, a federal inmate, brings this motion under § 2255 to vacate, set aside, or correct sentence. I have not ordered service of process of the motion on the United States.

In 2002, Crossland was convicted by a jury of conspiracy to manufacture methamphetamine and possession of a listed chemical (iodine) in violation of 21 U.S.C. §§ 841(a)(1), 841(D)(2) AND 846. He was sentenced to 240 months and 120 months, respectively, with the sentences to run concurrently. The Eighth Circuit affirmed the conviction and sentence. *United States v. Crossland*, 301 F.3d 907 (8th Cir. 2002).

In March 2003, Crossland filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The district court denied the motion, the Eighth Circuit denied a certificate of probable cause, and the Supreme Court denied a petition for writ of certiorari.

In the instant motion, Crossland challenges his sentence under *United States v. Booker,* ___U.S. ___, 124 S.Ct. 2531 (2005). Crossland relies on 28 U.S.C. § 2255(3) which provides that a federal prisoner may bring a motion within one year of a right newly recognized by the Supreme

Court.  However, before a second or successive § 2255 motion may be considered by the district court, the applicant must first move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. §§ 2255, 2244(b).

I recommend this action be dismissed without prejudice and that Crossland be advised to proceed in the Eighth Circuit Court of Appeals with a request for an order authorizing the filing of a second or successive § 2255 motion.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 20th day of January 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE