IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                  PLAINTIFF/RESPONDENT

V.                                    No.  2:99-cr-20028

THOMAS SCOTT CROSSLAND                              DEFENDANT/PETITIONER

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Motion for

Relief from Judgment Pursuant to Federal Rules of Civil Procedures 60(d)(3), *See ECF No.164*

filed April 9, 2012.  The Government has not filed a  Response. The Motion was referred to the

undersigned on May 14, 2012 and is ready for Report and Recommendation.

### I.  Background

In 2002, Crossland was convicted by a jury of conspiracy to manufacture meth-

amphetamine and possession of a listed chemical (iodine) in violation of 21 U.S.C. §§ 841(a)(1),

841(D)(2) AND 846. He was sentenced to 240 months and 120 months, respectively, with the

sentences to run concurrently. The Eighth Circuit affirmed the conviction and sentence. *United*

*States v. Crossland*, 301 F.3d 907 (8th Cir. 2002).

In March 2003, Crossland filed a motion to vacate, set aside or correct sentence under 28

U.S.C. § 2255, (2:03-cv-02046) alleging ineffective assistance of counsel (ECF No. 119). The

district court denied the motion (ECF No. 130) and a certificate of appealability (ECF No. 133).

The Eighth Circuit affirmed and dismissed the Defendant's appeal (ECF No. 140). The

Defendant filed for a writ of certiorari which was denied by the United States Supreme Court on

-1-

October 18, 2004. (ECF No. 146).

On January 12, 2006 the Defendant filed a second Motion to vacate, set aside or correct a sentence under 28 U.S.C. 2255 (ECF No. 148).  The Defendant claimed a sentencing violation (Id., p. 4) but the District Court denied the Motion without prejudice on February 8, 2006 because the Defendant did not get permission from the 8th Circuit Court of Appeals to file a second 2255 motion. (ECF No. 152). The Defendant sought a Certificate of Appealability with was denied by the District Court (ECF No. 156) and affirmed by the Court of Appeals (ECF No. 160).

On April 9, 2012 the Defendant filed the current motion asking for relief from judgment previously entered in an "underlying proceeding on **8/12/2003"**[1]. (ECF No. 164, p. 1). The Defendant's Motion is entitled a "Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedures 60(d)(3).

## II.  Discussion

### A.  2255 Evaluation

It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. *United States v. Patton*, 309 F.3d 1093 (8th Cir.2002) (per curiam) (collecting cases); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir.2002) (per curiam) (if Rule 60(b) motion is actually successive habeas petition, court should dismiss it for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals). Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be

---

[1] This was the first 2255 motion filed by the Defendant.

-2-

circumvented through creative pleading. A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief. *U.S. v. Lambros*  404 F.3d 1034, 1036 (C.A.8 (Minn.),2005)

The Eighth Circuit has encouraged district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals. Boyd v. U.S.  304 F.3d 813, 814 (C.A.8 (Mo.),2002)

The Defendant acknowledges that in 2003 he claimed that his counsel was ineffective based upon his failure to call requested witnesses.  He contends that at the time of filing his 2255 motion he was "unable to locate any of the witnesses" but that he has since "recently obtained affidavits from a few of the witnesses as to their truthful knowledge of the underlying facts." (ECF No. 164, p. 4).

The Defendant's sole purpose in his Rule 60 motion is to ultimately attack his conviction by contending that his attorney was ineffective because of his failure to call certain witnesses.

-3-

No matter how the Defendant styles his pleading his motion is still seeking to collaterally attack his conviction based upon the claimed ineffective assistance of counsel.

The Defendant has attached affidavits from himself (ECF No. 164-1), Roger Hughes (ECF No. 164-2), Aaron Prater (aka Jimmy the Greek) (ECF No. 164-3), Thomas Mack Crossland (ECF No. 164-4, pp. 1-2) and Curtis Jenkins (ECF No. 164-4, pp. 3-4).  The content of all of the affidavits deals with facts taking place in 1998 and deal with the facts immediately prior to the Defendant's arrest or the investigation subsequent to his arrest.

The Defendant has attached his own affidavit.  The Defendant choose not to testify at his trial.  This specific issue was addressed in the Magistrate Judge's R&R in July 2003 and recorded the dialogue between the Defendant and the Court at his trial in which the Defendant acknowledged his right to testify but elected not to.  (ECF No. 128, pp. 10-11). As the MJ set forth at that time "The defendant may not...indicate at trial his apparent acquiescence in his counsel's advice that he not testify, and then later claim that his will to testify was 'overcome.'" *Whitfield v. Bowersox*, 324 F3d 1009, 1014(8th Cir. 2003) (*citing United States v. Bernloeher*, 833 F.2d 749, 752 (8th Cir. 1987).

The purported testimonies of Mr. Hughes, Mr. Jenkins, and Mack Crossland, the Defendant's father were listed and considered by the MJ in her R&R in 2003. (ECF No. 128, p. 6-7).

The new affidavit of Aaron Prater adds nothing of substance to the argument that was made by the Plaintiff in 2003 and since the Defendant is clearly asserting the same ineffective assistance claim his Motion must be considered a Motion under 2255.

Before a second or successive 2255 motion may be considered by the district court, the

Defendant must first move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. §2255, 2244(b). This he has not done, again.

**B.  Rule 60(d)**(3)

The Petitioner has asserted his claim under Rule 60(d)(3) and claims that fraud was committed on the court during the initial 2255 motion in 2003.

Rule 60(d)(3), "fraud on the court," is a "somewhat nebulous concept." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir.1993). The Rule functions as a saving clause by recognizing a court's pre-existing power to set aside a judgment for fraud on the court without a strict time bar. *Jackson v. Thaler*, 2009 WL 3241499, at *4 (5th Cir. Oct. 9, 2009).

"[O]nly the most egregious misconduct ... will constitute fraud on the court." *Williams v. Dormire*, 2010 WL 3733862, at *2 (E.D.Mo. Sept. 20, 2010) (*citing Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978) (citations omitted)). Schemes egregious enough to rise to fraud on the court generally take the form of bribery of a judge or jury, or the fabrication of evidence by an officer of the court. *Rozier*, 573 F.2d at 1338 (*citing Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), overturned on other grounds by *Standard Oil Co. of Cal. v. United States,* 429 U.S. 17 (1976)). Less severe misconduct falls within the scope of fraud under Rule 60(b)(3). *Wilson*, 873 F.2d at 872; *Rozier*, 573 F .2d at 1339.

The Defendant contends that fraud was committed on the court because the habeas court relied on the following fraudulent facts:

1.  That the Defendant "told Kelley that the chemicals were for Roger Hughes who was using them to make methamphetamine". (ECF No. 164, p. 9).  The Defendant has attached an affidavit from Roger Hughes in which Mr. Hughes denies making arraignments to secure

-5-

chemical from the Defendant for the purpose of manufacturing meth. (ECF No. 164-2).  Mr.

Hughes acknowledges that he was served with a subpoena to testify in the Defendant's trial but

based "upon the advice from my attorney, I did not testify while charges were pending against me

in Wagoner County." (Id., ¶7).

2.  That the Defendant stated to Investigator Kelley that he "pieced it together and figured

he was using it or selling to make crank.  It didn't take a rocket scientist to figure out what they

were using it for" (ECF No. 164, p. 9).  The Defendant states that in his affidavit he was actually

referring to an unknown individuals whom had called him about purchasing ephedrine, not Roger

Hughes. (Id.).  If the Defendant had wanted to put forth this proposition he should have testified.

3.  That "Kerr-McGee did not have a Sequoyah Fuels facility". (Id.). The testimony at

trial was that the iodine was ordered was placed from "Kerr-McGee Corporation Sequoyah Fuels

Atomic Fuels Division, Fort Smith, Arkansas" and there was testimony at trial that Kerr-McGee

did not own any property in Arkansas.  Whether Kerr-McGee Corporation had a Sequoyah Fuels

Facility at some other location was not relevant.  The fact remains that the there was no such

facility in Fort Smith, Arkansas.

4.  That the Defendant "knew the location of one of the methamphetamine labs". (Id.).

This appears to be a statement that the Defendant made to Detective Kelley concerning a

statement that Jimmy had allegedly made to the Defendant.  The Defendant now contends that

Jimmy was merely referring to a newspaper article that Jimmy had read and not from any

personal knowledge.  This again is a contention that the Defendant could have put forth at trial

had he chosen to testify.

5.  That the cell mate who testified at trial that the Defendant told him that he could make

more money selling the chemical to make methamphetamine rather than selling meth.  The Defendant contends that this witness was lying. This was merely a mater of credibility with the jury and not a matter of any fraud on the court.

At the time the Defendant filed his 2255 Motion in 2003 the Magistrate Judge did not hold any evidentiary hearing. The Magistrate Judge recited the facts as they were set forth by the 8th Circuit Court of Appeals.  (See ECF No. 128, Attached).   All of the facts that the Defendant is complaining of were taken from the Court of Appeals Record and not from any representations made concerning the habeas motion.

The Magistrate Judge had submitted a Questionnaire to the Defendant prior to rendering her R&R and she had access to all of the representations made by the Defendant, his list of witnesses that he believed his attorney should have called and there proposed testimony. (See ECF No. 127, Response to Questionnaire, Attached).  The Government did not put forth any evidence at the habeas proceeding. The Defendant's affidavits present no evidence that was not considered by the Magistrate Judge in her Report and Recommendation filed in 2003.

In order to prevail on a motion under Rule 60(d)(3), the burden is on the moving party to establish fraud by clear and convincing evidence. *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir.2002); *England v. Doyle*, 281 F.2d 304, 309-10 (9th Cir.1960); *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir.2002); *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir.1996); *Galatolo v. United States*, 394 Fed. Appx. 670, 672 (11th Cir.2010). This rigorous standard requires proof of "intent to deceive or defraud the court" through a "deliberate scheme." *Garcia v. Berkshire Life Ins. Co. of Am.*, 2008 WL 5104813, at *4 (D.Colo. Dec. 3, 2008) (citing Buck, 281 F.3d at 1342).

-7-

The Defendant has failed to show any evidence of fraud much less carry the exacting burden by clear and convincing evidence.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion be determined to be filed under 28 U.S.C. §2255 and that it be dismissed without prejudice until the Defendant secures an order from the 8th Circuit Court of Appeals authorizing the district court to consider the motion.

In the alternative I recommend that the Rule 60(d)(3) Motion be **DENIED.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 4th  day of June 2012.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE